| | |
|---|---|
| R & K LOMBARD PHARMACY CORP., et al, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:07-CV-288 (CEJ) |
| MEDICINE SHOPPE INTERNATIONAL, INC. and CARDINAL HEALTH, INC., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Cardinal Health, Inc., to dismiss the complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2), Fed.R.Civ.P. Plaintiffs oppose the motion, and the issues are fully briefed.

Plaintiffs are twenty-five[1] franchisees of Medicine Shoppe International, Inc. (MSI), a wholly owned subsidiary of Cardinal Health, Inc. In the complaint, plaintiffs assert various federal and state-law claims against both defendants.

The claims asserted against Cardinal Health, or jointly against Cardinal Health and MSI, are as follows: tortious interference with contract (Count III), unjust enrichment (Count IV), price fixing and tying in violation of the Sherman Act, 15 U.S.C. § 1 *et seq.* (Counts V and VI), price discrimination under the Clayton Act, 15 U.S.C. § 13 *et seq.* (Count VII), and "kickbacks" under the Robinson-Patman Act, 15 U.S.C. § 21 *et seq.* (Count VIII). Additionally, plaintiff McGaw RX, Inc., a Florida

---

[1]Twenty-five plaintiffs are listed in the caption of the complaint. However, additional individuals are identified as plaintiffs in the body of the complaint.

corporation, asserts violations of the Florida Deceptive and Unfair Trade Practices Act against both defendants (Count XI), and plaintiff TLC Pharmacy, Inc., a New York corporation, asserts violations of the New York Deceptive Practices Act against both defendants (Count XIV).[2]

Defendant Cardinal Health moves to dismiss the plaintiff's complaint against it for lack of personal jurisdiction. Cardinal argues that it has insufficient contacts with Missouri to satisfy Missouri's long-arm statute or the Due Process clause. Cardinal also argues that plaintiffs' claims do not arise out of activities conducted by Cardinal in Missouri. Finally, Cardinal maintains that plaintiffs have not satisfied their burden of proving facts that support a reasonable inference that Cardinal can be subjected to the jurisdiction of this Court.

I.  **Legal Standard**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004), quoting Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974). A party may rely on affidavits, exhibits, or other

---

[2] The Court notes that the complaint includes counts numbered I through XVI and XIX, but does not contain any counts numbered XVII or XVIII.

2

evidence to make a *prima facie* case of jurisdiction. Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

## II. Discussion

### Personal Jurisdiction

Missouri's long-arm statute provides, in relevant part, as follows:

> Any . . . corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such . . . corporation . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;
>
> (3) The commission of a tortious act within this state;

\*\*\*

Mo. Rev. Stat. § 506.500.1 (2007). Missouri's long-arm statute authorizes jurisdiction to the extent permitted by the Due Process clause, and thus the Court need only determine that the assertion of jurisdiction satisfies due process. Romak, 384 F.3d at 984 (citation omitted).

To satisfy due process, a defendant must have sufficient minimum contacts with the forum state such that the assertion of

3

jurisdiction "does not offend traditional notions of fair play and substantial justice." Id. See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980). There must be some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Epps, 327 F.3d at 647-48, citing Hanson v. Denckla, 357 U.S. 235, 253 (1958). See also Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109-12 (1987). The defendant's contacts must be more than "random, fortuitous, or attenuated." Id., citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Personal jurisdiction may be general or specific. Specific jurisdiction exists when a cause of action arises out of or is related to a defendant's contacts with the forum state; when the cause of action does not arise out of defendant's contacts, general jurisdiction exists, but only if the defendant's contacts with the state are systematic and continuous. Epps, 327 F.3d at 648, citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8-n.9 (1984). A five-factor test evaluates the sufficiency of the defendant's contacts: (1) the nature and quality of the defendant's contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its

residents, and (5) the convenience of the parties. Id., citing Burlington Indus. v. Maples Indus., Inc, 97 F.3d 1100, 1103 (8th Cir. 1996) (additional citation omitted). The first three factors are given significant weight. Romak, 384 F.3d at 984.

**Jurisdiction over a Parent through Subsidiary's Acts**

Cardinal Health, Inc. alleges that it has no contacts with Missouri. Cardinal claims that it maintains corporate separateness in relation to its subsidiaries, and thus the subsidiaries' contacts cannot be used to assert jurisdiction over Cardinal.

When the defendant is a nonresident corporation, "personal jurisdiction can be based on the activities of the nonresident corporation's in-state subsidiary, but only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." Epps, 327 F.3d at 648-49.

Whether a court may pierce the corporate veil to assert jurisdiction over a parent based on the acts of its subsidiary is a matter of state law. Epps, 327 F.3d at 649 (citation omitted). Missouri courts apply the "internal affairs" doctrine regarding requests to pierce the corporate veil, because such requests necessarily involve "an analysis of how the controlling shareholders administered and governed the corporation." In re Bridge Info. Sys., Inc., 325 B.R. 824, 830-31 (E.D. Mo. Bankr.

5

2005). The internal affairs doctrine provides that the law of the state of incorporation should be applied to disputes regarding the internal organization of a corporation. Yates v. Bridge Trading Co., 844 S.W.2d 56, 61 (Mo. Ct. App. 1992) (citations omitted).

Cardinal Health is an Ohio corporation, with its principal place of business in Dublin, Ohio. MSI, a Delaware corporation whose principal place of business is in Missouri, is a wholly-owned subsidiary of Cardinal Health. A presumption of corporate separateness between a parent and subsidiary exists, but the Ohio alter ego doctrine provides that the corporate form can be disregarded "'when control is so complete that the corporation has no separate will, mind, or existence.'" Microsys Computing, Inc. v. Dynamic Data Systems, LLC, 2006 WL 2225821 at *5 (N.D. Ohio 2006), citing Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., 617 N.E.2d 1075, 1085 (1993).

To determine whether a corporation is an alter ego of an individual, Ohio courts consider "whether corporate formalities are observed, whether corporate records are kept, whether corporate funds are commingled with personal funds, whether a corporation is financially independent, whether corporate property was used for a personal purpose, and whether the corporation was a mere facade for the operations of the individual." Id. (citations omitted). In determining whether an alter ego relationship exists between two corporations, Sixth Circuit courts examine the above factors, and additionally assess whether the companies share the same employees

6

and corporate officers, whether they engage in the same business enterprise, whether they have the same address and phone line or use the same assets (e.g., letterhead, equipment), whether they complete the same jobs, fail to maintain separate books, tax returns and financial statements, and whether one of the companies exerts control over the daily affairs of the other. Id. (citations omitted).

**Cardinal Health, Inc. Subsidiaries**

Cardinal Health, Inc. alleges that it does not have sufficient minimum contacts in Missouri to satisfy due process. In support of this argument, Cardinal presents the affidavit of Kevin M. Barry, Assistant General Counsel for Litigation for Cardinal Health. Barry states that Cardinal Health, Inc. is a holding company with numerous subsidiaries, including MSI, of which it is the parent company and sole shareholder. Cardinal Health and MSI are separate corporate entities that observe all the formalities of corporate governance. The corporations are separately capitalized, maintain separate books and accounts, and do not file consolidated tax returns; they hold separate meetings of shareholders, officers, and directors; and they hold themselves out as separate entities.

Barry further states that while several individuals are officers of both Cardinal Health and MSI, "none are based in Missouri and they are not involved in the day-to-day operation of Medicine Shoppe." Barry also states Cardinal Health provides some

7

operating capital for MSI, but it is not the sole provider, as MSI receives significant operating capital from other sources. Finally, Barry states that each corporation functions in its own best interest, that the directors do not determine the policies of the other corporation, and that Cardinal Health has not at any time "material to this lawsuit . . . retained the right to control matters pertaining to relationships with individual franchisees or programs and services offered to franchisees."

Plaintiffs claim that Cardinal Health has the following contacts with Missouri: a nuclear pharmacy in Springfield, Mo.; a manufacturing plant in Moberly, Mo.; business cards used by MSI employees working in Missouri indicating that MSI is a "Cardinal Health company;" and listings for jobs with "Cardinal Health" in Missouri on the Monster.com and Cardinal Health websites.

Cardinal Health presents evidence that the pharmacy and manufacturing facility in Missouri are owned by two of its subsidiaries, Cardinal Health 414, Inc., and Cardinal Health 200, Inc., respectively. Barry states in his affidavit that each of these subsidiaries maintains separate corporate status from Cardinal Health and each observes all corporate formalities.

Plaintiffs present no evidence to rebut the showing that the pharmacy and manufacturing facility are owned by Cardinal Health subsidiaries, and not by Cardinal Health itself, and the Court will not assert jurisdiction over Cardinal on the basis of property ownership by its subsidiaries.

**Cardinal Health Job Postings**

Plaintiffs argue that Internet job postings for positions in Missouri that appear on Cardinal Health's website and on the Monster.com website are evidence that Cardinal Health conducts business in Missouri and seeks to "control matters pertaining to relationships with, and programs and services offered to, [MSI] franchisees."

In his second affidavit, Barry explains that the job postings for employment positions with "Cardinal Health" or postings on the Cardinal Health website, do not indicate that the job is for employment with Cardinal Health. Rather, applications are directed to the appropriate Cardinal Health operating subsidiary. Additionally, Cardinal Health submits the affidavit of its Recruitment Marketing Research Advisor, Carrie Batch, whose responsibilities include Internet job postings for Cardinal Health and its subsidiaries. Batch states that the job postings that Cardinal Health submits for positions with its subsidiaries mention the name "Cardinal Health," as this is "the common brand under which most of [the] companies go to market." Batch further states that all Monster.com postings for Cardinal Health are for jobs in Dublin, Ohio.

The Court finds that the reference to "Cardinal Health" on business cards and employment listings is insufficient to establish that Cardinal Health dominates and controls the daily operations of

9

its subsidiaries to the extent that their corporate existence is disregarded. Plaintiffs' evidence does not overcome the presumption of corporate separateness, and basing the assertion of jurisdiction over Cardinal Health on the acts of its subsidiaries would offend due process.

**Tortious Interference**

Plaintiffs allege that Cardinal Health committed tortious activity in Missouri, "[e]ither through its exertion of influence as the parent corporation to MSI, or through express agreements with MSI" to interfere with the plaintiff-franchisees' relationship with MSI, leading MSI to breach the franchise agreements.

"A single tortious act is sufficient to support personal jurisdiction consistent with due process standards." Peabody Holding Co., Inc. v. Costain Group PLC, 808 F.Supp. 1425, 1437 (E.D. Mo. 1992). However, "[a] plaintiff may not invoke tortious long-arm jurisdiction consistent with due process where the non-resident defendant had no contact with Missouri besides the extraterritorial acts having consequences in Missouri." Id.

Defendant Cardinal Health has insufficient contacts in Missouri, and the only possible basis for tortious long-arm jurisdiction is the alleged extraterritorial act. As a matter of law, that is not a sufficient basis for asserting jurisdiction in the absence of any other contacts with Missouri.

Plaintiffs do not meet their burden to establish the existence

10

of jurisdiction over Cardinal Health, Inc.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Cardinal Health, Inc. to dismiss for lack of jurisdiction [# 46] is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2008.