```
R & K LOMBARD PHARMACY        )
CORP., et al.,                )
                              )
        Plaintiffs,            )
                              )
    v.                         )   No.   4:07-CV-288 (CEJ)
                              )
MEDICINE SHOPPE INTERNATIONAL, )
                              )
                              )
        Defendant.             )
```

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Medicine Shoppe International, Inc. to dismiss or, in the alternative, for a more definite statement. Plaintiffs have responded, and the issues are fully briefed.

Plaintiffs are twenty-five franchisees[1] who operate pharmacies doing business as "Medicine Shoppe," pursuant to franchise agreements with Medicine Shoppe International (MSI). Plaintiffs assert claims against MSI and Cardinal Health, Inc., for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and breach of fiduciary duty, and they demand an accounting from defendant MSI.[2] Plaintiffs allege violations of the antitrust provisions of the Clayton Act, 15 U.S.C. § 13 *et seq.*; the Sherman Act, 15 U.S.C. § 1; and the Robinson-Patman Act, 15 U.S.C. § 12 *et seq.* Plaintiffs also assert several state-law

---

[1] Twenty-five plaintiffs are listed in the caption of the complaint. However, additional individuals are identified as plaintiffs in the body of the complaint.

[2] Cardinal Health has been dismissed from this action for lack of personal jurisdiction. MSI is the sole defendant.

claims.

The claims asserted by the plaintiffs are set forth in 19 counts. The complaint contains roughly twenty pages of general allegations against MSI and Cardinal Health. These general allegations are then incorporated by reference into each of the nineteen counts. Defendant MSI argues that the complaint fails to comport with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure and, as a result, MSI is unable to frame an answer or other response. Plaintiffs acknowledge that the complaint is detailed, but they maintain that it is not vague.

A party may move for a more definite statement, pursuant to Rule 12(e), Fed.R.Civ.P., if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 8(e)(1), Fed.R.Civ.P., provides: "Each averment of a pleading shall be simple, concise, and direct." Rule 10(b) provides: "All averments of a claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

The "ultimate question under Rules 8(e) and 10(b)" is whether "'the theory and basis of the [various] counts are easily distinguishable.'" Iowa Health Sys. v. Trinity Health Corp., 177 F.Supp.2d 897, 906 (N.D. Iowa 2001), citing Van Dyke Ford, Inc. v. Ford Motor Co., 399 F.Supp. 277, 285 (E.D. Wis. 1975). "Excessive incorporation by reference from one count to another can lead to

the introduction into the pleadings 'of considerable unnecessary matter.'" Id.

Here, the complaint contains a lengthy recitation of general allegations that are not tailored the to the individual plaintiffs. Thus, it cannot be determined whether these allegations apply to all or only some of the plaintiffs. Additionally, plaintiffs have taken all of the general allegations and have incorporated them by reference in the individual counts, regardless of whether any of the allegations are material to the claim asserted in the count. This wholesale incorporation makes it extremely difficult to identify the factual bases for each claim.

The excessive detail that plaintiffs have provided is far from helpful. Instead, it results in a complaint that is vague and confusing. Because MSI cannot reasonably be expected to frame a responsive pleading to the complaint in its current form, its motion for a more definite statement will be granted.

The plaintiffs will be given the opportunity to file an amended complaint. Plaintiffs are reminded that the amended complaint must comply with Federal Rules 8 and 10, and must set forth clearly and concisely, as to each count, the factual allegations that are directly relevant to and form the basis for the legal claim asserted in that count.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Medicine

Shoppe International for a more definite statement [# 49] is **granted.**

**IT IS FURTHER ORDERED** that plaintiffs shall have until **March 26, 2008**, to file an amended complaint

**IT IS FURTHER ORDERED** that plaintiffs' alternative motion to dismiss [# 49] is **denied.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2008.